[No. B077421. Second Dist., Div. Seven. Aug. 17, 1994.]

ISRAEL FREEMAN et al., Plaintiffs and Appellants, v.
CITY OF BEVERLY HILLS, Defendant and Respondent.

## COUNSEL

Steiner & Libo and Leonard Steiner for Plaintiffs and Appellants.

Gregory W. Stepanicich, City Attorney, Richards, Watson & Gershon and Steven H. Kaufmann for Defendant and Respondent.

## OPINION

**JOHNSON, J.**—Plaintiffs Israel Freeman and Dean M. Williams appeal from the judgment entered following the trial court's granting the City of Beverly Hills' motion for summary judgment. We affirm.

### Factual and Procedural History

In May 1986, plaintiff Freeman became owner and operator of Dolores' Restaurant in the City of Beverly Hills (City). In June 1987, plaintiff Williams entered into partnership with Freeman.

On June 25, 1987, the City issued building permit No. 87003039 to plaintiffs for modification of the interior and exterior of their restaurant, to conduct a "drive-in" business and to construct a restroom accessible to handicapped patrons. Plaintiffs began renovations immediately. During plaintiffs' ongoing construction, the City issued and delivered to plaintiffs a stop work order dated July 7, 1987. On July 8, 1987, the City suspended

plaintiffs' building permit on the ground it had been erroneously issued in violation of the City's Municipal Code section 10-3.3007, which required approval from the architectural commission before issuance of permits.

On July 21, 1987, two weeks after suspending plaintiffs' permit, the City adopted an emergency Interim Ordinance No. 87-0-1997, regulating and establishing a conditional use permit (CUP) procedure for drive-in facilities in the City. This ordinance was extended by a second Interim Ordinance No. 87-0-2002 on September 1, 1987.

After suspension of their permit, plaintiffs submitted plans for their construction modifications to the architectural commission. These were approved September 10, 1987, subject to four conditions, one of which prohibited drive-in use. Plaintiffs did not seek judicial review of the determination. They complied with the architectural commission's conditions and opened their restaurant on January 1988.

On July 5, 1988, a third Interim Ordinance No. 88-0-2033 extended the drive-in CUP requirement.

On April 24, 1989, plaintiffs Freeman and Williams filed a complaint against the City requesting: 1) declaratory relief because the City's CUP was adopted and extended in violation of its own ordinances, and because plaintiffs had acquired a vested right to operate a drive-in facility prior to adoption of the Interim Ordinance; 2) money damages in the amount of $1,175,000 for the City's adoption of the ordinance and the suspension of the initial permit; and 3) money damages in the same amount for inverse condemnation. On July 6, 1989, 72 days after plaintiffs filed their complaint, the City adopted Permanent Ordinance No. 89-0-2063, which amended Beverly Hills Municipal Code, title 10, chapter 3, article 24, section 10-3.1612 to permanently add the provision of the interim ordinances regulating and establishing a CUP procedure for construction and operation of drive-in facilities (the permanent ordinance).

On July 26, 1989, the City filed its answer to the complaint. Over three years later, on December 30, 1992, the City filed a motion for leave to amend its answer, adding three procedural and jurisdictional defenses: 1) the cause of action for declaratory relief is barred for failure to challenge respondent's action within the 120-day limitation of Government Code section 65009, subdivision (c); 2) declaratory relief is also barred for failure to timely challenge the ordinances by way of mandamus; and 3) the cause of action for monetary damages is barred because of certain governmental tort claims immunity statutes. On January 19, 1993, the trial court permitted the

amendments, over plaintiffs' objections, and denied plaintiffs leave to amend their complaint.

The City moved for summary judgment based upon the defenses described above. The court granted the motion. In doing so, the court also noted "The instant action is now moot because, as a matter of law, plaintiffs are not entitled to money damages under any theory pleaded in the complaint, and the granting of declaratory relief would be of no conceivable benefit to them since plaintiffs no longer own the property." Judgment for the City was entered May 11, 1993. The appeal was filed July 13, 1993.

## DISCUSSION

### I. *This Matter Is Properly Before Us on Appeal.*

Although no appeal lies from an order granting a motion for summary judgment or allowing amendment of an answer, such an order is reviewable on appeal from the final judgment in the action. (Code Civ. Proc., § 906; *Schaefer* v. *Berinstein* (1960) 180 Cal.App.2d 107, 114 [4 Cal.Rptr. 236].)

### II. *The Trial Court Properly Granted Summary Judgment Because Plaintiffs Failed to Comply With Applicable Statute of Limitations.*

 It is undisputed plaintiffs did not timely appeal the Architectural Commission's decision disallowing drive-in use of their property, but commenced operation of their restaurant in compliance with the conditions the commission imposed.[1] Therefore plaintiffs' vested rights claim, which is dependent upon a valid underlying permit, is barred because plaintiffs never contested the City's withdrawal of the permit.

Furthermore, plaintiffs are not entitled to declaratory relief, money damages or inverse condemnation because their challenge to the ordinances is barred by the 120-day limitation period in Government Code section 65009, subdivision (c)(2), which provides, in pertinent part:

". . . [N]o action or proceeding shall be maintained in any of the following cases by any person unless the action or proceeding is commenced and service is made on the legislative body within *120 days* after the legislative body's decision:

---

[1]Beverly Hills Municipal Code section 10-5.401 provides: "Any court action or proceeding to attack, review, set aside, void or annul any decision of the matters set forth in this Chapter otherwise subject to court review . . . or concerning any of the proceedings, act or determinations taken, done or made prior to such decision . . . . shall not be maintained by any person unless such action or proceeding is commenced within *thirty (30) days* after the effective date of such decision. Thereafter, all persons shall be barred from any such action or proceeding or any defense of invalidity or unreasonableness of . . . determination." (Italics added.)

"2) To attack, review, set aside, void or annul the decision of a legislative body to adopt or amend a zoning ordinance." (Italics added.)

It is undisputed plaintiffs filed their complaint more than 120 days after enactment of the last interim ordinance, and did not amend their complaint upon adoption of the permanent ordinance.

■ Although some of appellant's causes of action seek monetary damages rather than a direct invalidation of these ordinances, we conclude Government Code section 65009, subdivision (c)(2) bars these claims as well. We do so because a lawsuit seeking monetary damages based on a legislative body's decision adopting or amending a zoning ordinance obviously constitutes an "attack" on that decision within the meaning of section 65009, subdivision (c)(2). Monetary damage claims are just another way of "attacking" enactment of a zoning ordinance and, moreover, often of seeking to force reversal of the ordinance. Such a claim also requires "review" of the validity of the ordinance, again within the meaning of section 65009, subdivision (c)(2).

Indeed Government Code section 65009, subdivision (c)(2) and its legislative purpose could be avoided easily if it did not preclude monetary damage claims as well as suits seeking declaratory and injunctive relief which are filed beyond the 120-day limitation period. Disappointed parties could "attack" the enactment of zoning ordinances by filing damage claims months or years later which threatened so much financial cost as to force the legislative body to "set aside" those ordinances. Moreover, those late-filed lawsuits could raise questions about the validity of such ordinances after their enactment and even result in a finding of invalidity after section 65009, subdivision (c)(2) presumably placed them beyond attack.

The Legislature intended to foreclose any and all challenges to the validity of zoning ordinances unless they were filed promptly. Thus, it used very broad language in defining the kinds of challenges which had to be made within 120 days. This language is clearly broad enough to encompass claims for monetary damages which are based on a legislative body's decision to adopt or amend a zoning ordinance. A lawsuit seeking monetary damages on this basis is both an "attack" on the decision and an attempt to obtain a judicial "review" of that decision. Accordingly, we hold monetary damage claims of this type are barred by Government Code section 65009, subdivision (c)(2) unless brought within the 120-day limitation period.[2] Appellants did not bring their lawsuit within that period and therefore the suit, including the monetary claims, is time-barred.

---

[2] Our research has not found any cases which directly hold section 65009, subdivision (c)(2) covers monetary damage claims. But we do find one case instructive. In *Garat* v. *City of Riverside* (1991) 2 Cal.App.4th 259 [3 Cal.Rptr.2d 504], plaintiffs challenged the validity of city zoning measures, seeking damages and just compensation as well as invalidation of the

██ Plaintiffs contend, as the permanent ordinance did not become effective until 72 days after filing of the complaint, they should not be barred from challenging the permanent ordinance because it was effective after filing of the complaint, and essentially tracks the interim ordinances. Appellants alternatively request their complaint be recast as an administrative writ, in order to accomplish the same purpose. These requests should have been addressed to the trial court and come too late to be considered by this court.

Finally, the declaratory relief action is moot because at the time of the motion for summary judgment, plaintiffs no longer owned the property.

### Sanctions

██ We decline the City's request sanctions be imposed against plaintiffs for a frivolous appeal. Our Supreme Court held in *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650 [183 Cal.Rptr. 508, 646 P.2d 179], "[A]n appeal should be held to be frivolous only when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment —or when is indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit."

Though unpersuaded by plaintiffs' contentions, we do not believe this appeal is so far afield a reasonable attorney, in good conscience, would find it completely without merit.

### DISPOSITION

The judgment is affirmed.

Lillie, P. J., and Woods (Fred), J., concurred.

Appellants' petition for review by the Supreme Court was denied November 3, 1994. Mosk, J., was of the opinion that the petition should be granted.

---

measures. The defendant city claimed Government Code section 65009, subdivision (c) time-barred plaintiffs' entire complaint.

The court did not differentiate between the monetary damage claims and the other causes of action in ruling on the section 65009, subdivision (c) issue. As it turned out, the two actions challenging the measures were not filed within 120 days of the adoption of a city's general plan. However, they were filed within 120 days of the enactment of one of the measures. Thus the court found the claims timely to the extent they sought directly to challenge the adequacy of the city's general plan as amended by that measure. The court held this preserved both the damages and declaratory relief causes of action.