[No. F025954. Fifth Dist. July 20, 1998.]

MARGARITO GONZALEZ et al., Plaintiffs and Appellants, v.
COUNTY OF TULARE et al., Defendants and Respondents;
BORBA-MIKAELIAN, INC., Real Party in Interest and Respondent.

COUNSEL

Alfred A. Gallegos for Plaintiffs and Appellants.

Kathleen Bales-Lange, County Counsel, Julia J. Roberts and W. Phil Mace, Deputy County Counsel, for Defendants and Respondents.

Houck & Hicks and Lloyd L. Hicks for Real Party in Interest and Respondent.

OPINION

**DIBIASO, Acting P. J.**—Appellants Margarito Gonzalez and Ronnie Castillo appeal from an order sustaining, without leave to amend, a demurrer to their petition for administrative mandamus. The trial court agreed with respondents County of Tulare, Tulare County Board of Supervisors and Tulare County Planning Commission that although appellants had timely filed their mandate petition they had not timely served it. The mandamus proceeding followed appellants' unsuccessful objections to the issuance of conditional use permits and the enactment of a zoning ordinance pertaining to certain real property in the Cutler-Orosi area. This appeal raises questions concerning several time limits found in California's Planning and Zoning Law, Government Code section 65000 et seq.[1] We will affirm.

STATEMENT OF CASE[2]

At all times relevant here, real party in interest Borba-Mikaelian, Inc. (Borba) owned 9.1- and 4.48-acre parcels of property located on opposite sides of Road 124, south of Avenue 413, in Orosi. Since the early 1980's, Borba had operated a swap meet on a portion of the 9.1-acre parcel and a parking lot on the smaller parcel across the street. The larger of the two parcels was zoned M-1 (light manufacturing). The smaller parcel was zoned R-1 (single-family residential). Although Borba's use of the property did not conform to the existing zoning, the uses were permitted, without a special permit, under a "grandfather" clause so long as the uses were not expanded.

In order to enlarge its parking facilities, Borba applied for a change in the zoning of the larger parcel, from M-1 to C-2SR (general commercial—site

---

[1]All statutory references are to the Government Code unless otherwise indicated.

[2]We take our summary from the allegations of appellants' petition for writ of mandate. In reviewing an order sustaining a demurrer in an administrative mandamus proceeding, we must accept as true the factual allegations of the petition. (*Neighborhood Action Group* v. *County of Calaveras* (1984) 156 Cal.App.3d 1176, 1180 [203 Cal.Rptr. 401].)

plan review), and for special use permits covering both parcels and authorizing the operation of the swap meet and the parking lot. During the public hearings on Borba's applications, appellants, who resided in a subdivision adjacent to Borba's property, spoke in opposition to Borba's requests. The Tulare County Planning Commission issued the requested special use permits and recommended approval of Borba's application for a zoning change, subject to certain conditions.

Appellants appealed the planning commission's action on Borba's applications to the Tulare County Board of Supervisors. Appellants told the board, in relevant part, that:

— the proposed zoning change was inconsistent with a general plan for the area, known as the 1988 Cutler-Orosi Community Plan which designated the area as R-1 and R-2 (medium density residential); and

— the planning commission misinterpreted a Tulare County General Plan Amendment.

On *August 1, 1995*, the Tulare County Board of Supervisors upheld the planning commission's issuance of the special use permits and adopted ordinance No. 3130, which changed the zoning on the 9.1-acre parcel in the manner sought by Borba.

On *September 8, 1995*, appellants filed a mandamus petition in the Tulare County Superior Court. In addition to the arguments made to the board, appellants also asserted that the rezoning was unlawful because respondents had breached their duty under section 65860 to maintain the zoning of the parcels consistent with the zoning required by the applicable community (or general) plan. Appellants sought a writ of mandate compelling respondents to rescind ordinance No. 3130 and the use permits and to review and act upon Borba's applications in a manner consistent with the Cutler-Orosi Community Plan. Although appellants also prayed for an alternative writ and preliminary injunctive relief, they apparently did not take steps to set a hearing on their requests for such relief.

Appellants served respondents with the petition by mail. Under Code of Civil Procedure section 415.30, subdivision (c), this service was deemed complete on *January 24, 1996*, the date the written acknowledgments of receipt were executed by respondents' respective representatives.

Respondents demurred to the petition on the ground it failed to state a cause of action because it was time-barred by virtue of former section 65009,

subdivision (c)(2), and former section 65907, subdivision (a). Respondents argued that appellants were required to have served respondents with the petition within 120 days of the board's August 1, 1995, decision—that is, on or before November 29, 1995. Upon respondents' request the trial court took judicial notice of the executed notices of acknowledgement of service of the petition.[3]

Appellants countered the demurrers with the argument that former sections 65009, subdivision (c)(2), and 65907, subdivision (a), did not apply. Appellants maintained that section 65860 was instead the controlling statute; This section only required that the mandate proceeding be commenced within 90 days of the board's action.

The trial court sustained respondents' demurrers without leave to amend. Appellants filed a timely notice of appeal.[4]

## DISCUSSION

### I. *The Statutes in Issue*

When these proceedings were initiated, former section 65009 provided in relevant part: "(a)(3) The purpose of this section is to provide certainty for property owners and local governments *regarding decisions made pursuant to this division.*

" . . . . . . . . . . . . . . . . . . . . . . . . . . .

(c) Except as provided in subdivision (d) [which is irrelevant to the present case], *no action or proceeding shall be maintained in any of the following cases by any person unless the action or proceeding is commenced*

---

[3]Respondents also asked the court to take judicial notice of appellants' September 11, 1995, request for the administrative record, which was received by appellants on September 13, 1995. Respondents apparently anticipated appellants would argue that the deadline for filing and serving the mandamus petition had been extended because of the record request. While Code of Civil Procedure section 1094.6, subdivision (g), authorizes such an extension, it comes into play only if the request is filed within 10 days of the announced decision. Appellants' September 11, 1995, request for the record of the August 1, 1995, decision was obviously not timely.

[4]Appellants appeal from the order sustaining the demurrer. This order is not appealable. (*Hill* v. *City of Long Beach* (1995) 33 Cal.App.4th 1684, 1695 [40 Cal.Rptr.2d 125].) We are thus empowered to dismiss this appeal because it is not taken from an appealable judgment or order. We will not do so, however; rather, we will deem the order sustaining respondents' demurrer to include a judgment of dismissal and treat appellants' notice of appeal as applying to the fictitious dismissal. (See *Lumpkin* v. *Jordan* (1996) 49 Cal.App.4th 1223, 1225-1226 [57 Cal.Rptr.2d 303].)

*and service is made on the legislative body within 120 days after the legislative body's decision:*[5]

"(1) To attack, review, set aside, void, or annul the decision of a legislative body to adopt or amend a general or specific plan. This paragraph does not apply where an action is brought based upon the complete absence of a general plan or a mandatory element thereof, but does apply to an action attacking a general plan or mandatory element thereof on the basis that it is inadequate.

*"(2) To attack, review, set aside, void, or annul the decision of a legislative body to adopt or amend a zoning ordinance.*

"(3) To determine the reasonableness, legality, or validity of any decision to adopt or amend any regulation attached to a specific plan.

"(4) Concerning any of the proceedings, acts, or determinations taken, done, or made prior to any of the decisions listed in paragraphs (1), (2) and (3)."[6] (Italics added.)

At the same time, former section 65907 set 90-day and 120-day limitation periods, respectively, for filing and serving an action attacking the issuance of a conditional use permit.[7]

At all relevant times, section 65860 has provided in part:

"(a) County or city zoning ordinances shall be consistent with the general plan of the county or city by January 1, 1974. A zoning ordinance shall be consistent with a city or county general plan only if:

"(i) The city or county has officially adopted such a plan, and

"(ii) The various land uses authorized by the ordinance are compatible with the objectives, policies, general land uses, and programs specified in such a plan.

"(b) Any resident or property owner within a city or a county, as the case may be, may bring an action in the superior court to enforce compliance with

[5]The Legislature shortened the 120-day period in section 65009, subdivision (c), to 90 days effective January 1, 1996. (Stats. 1995, ch. 253, § 1.)

[6]Our references to section 65009 are to this version of the statute, unless otherwise noted.

[7]Effective January 1, 1997, the Legislature repealed section 65907 (Stats. 1996, ch. 799, § 6) and placed actions attacking conditional use permits under the limits in section 65009. (Stats. 1996, ch. 799, § 2; see current § 65009, subd. (c)(5).)

the provisions of subdivision (a). Any such action or proceedings shall be governed by Chapter 2 (commencing with Section 1084) of Title 1 of Part 3 of the Code of Civil Procedure. *Any action or proceedings taken pursuant to the provisions of this subdivision shall be taken within 90 days of the enactment of any new zoning ordinance* or the amendment of any existing zoning ordinance as to said amendment or amendments." (Italics added.)

As they did in the trial court, appellants contend former section 65009 and former section 65907 had no application to their mandamus action. They argue section 65860 alone controlled the timing relevant to their challenge to the board's adoption of ordinance No. 3130 and its issuance of the conditional use permits. We have found no case law which examines the relationship between or among these statutes in a comparable scenario.

## II. *The Zoning Laws Generally*

Former section 65009, former section 65907, and section 65860 are part of California's Planning and Zoning Law (§ 65000 et seq.). The Planning and Zoning Law establishes the authority of most local government entities to regulate the use of land. (*Topanga Assn. for a Scenic Community* v. *County of Los Angeles* (1974) 11 Cal.3d 506, 518-519, fn. 18 [113 Cal.Rptr. 836, 522 P.2d 12].) Under the law, each county and city must "adopt a comprehensive, long-term general plan for the physical development of the county or city . . . ." (§ 65300.) The general plan consists of a "statement of development policies . . . setting forth objectives, principles, standards, and plan proposals." (§ 65302.) It must include seven elements—land use, circulation, conservation, housing, noise, safety and open space—and address each of these elements in whatever level of detail local conditions require. (*Ibid.*; § 65301.) General plans must also be comprehensive and long-term. (§ 65300.) The planning law thus compels cities and counties to undergo the discipline of drafting a master plan to guide future local land use decisions. (*DeVita* v. *County of Napa* (1995) 9 Cal.4th 763, 773 [38 Cal.Rptr.2d 699, 889 P.2d 1019].) ■ A local government's general plan is "a 'constitution' for future development" (*Lesher Communications, Inc.* v. *City of Walnut Creek* (1990) 52 Cal.3d 531, 540 [277 Cal.Rptr. 1, 802 P.2d 317]) and as such is located at the top of " 'the hierarchy of local government law regulating land use' " (*DeVita* v. *County of Napa, supra,* 9 Cal.4th at p. 773).

Subordinate to a general plan are zoning laws, which regulate the geographic allocation and allowed uses of land. (*Neighborhood Action Group* v. *County of Calaveras, supra,* 156 Cal.App.3d at p. 1183.)

"Zoning laws regulate land uses in two basic ways. Some uses are permitted as a matter of right if the uses conform to the zoning ordinance.

Other sensitive land uses require discretionary administrative approval pursuant to criteria in the zoning ordinance. (§ 65901.) They require a conditional use permit." (*Neighborhood Action Group* v. *County of Calaveras, supra,* 156 Cal.App.3d at p. 1183.)

Section 65860, subdivision (a), prohibits enactment of a zoning ordinance inconsistent with a city's general plan. (*City of Irvine* v. *Irvine Citizens Against Overdevelopment* (1994) 25 Cal.App.4th 868, 875 [30 Cal.Rptr.2d 797].) This requirement is "the linchpin of California's land use and development laws; it is the principle which infused the concept of planned growth with the force of law." (*deBottari* v. *City Council* (1985) 171 Cal.App.3d 1204, 1213 [217 Cal.Rptr. 790].) Because conditional use permits must be in accord with the governing zoning ordinances, the uses authorized by such permits must necessarily be in conformity with the uses permitted under the general plan. (*Topanga Assn. for a Scenic Community* v. *County of Los Angeles, supra,* 11 Cal.3d at pp. 513-518, 522; *Land Waste Management* v. *Contra Costa County Bd. of Supervisors* (1990) 222 Cal.App.3d 950, 958, fn. 3 [271 Cal.Rptr. 909].)

In sum, there is a chain of authority from the state's planning law to a local entity's general plan, zoning ordinances and conditional use permits. (See *Neighborhood Action Group* v. *County of Calaveras, supra,* 156 Cal.App.3d at pp. 1184-1187.) The purpose of the remedy in section 65860, subdivision (b), is to compel amendment of a nonconforming zoning ordinance to bring it into compliance with the general plan. (156 Cal.App.3d at p. 1187.)

III. *Ordinance No. 3130*

▮▮▮ Reduced to its essence, appellants' position is that under accepted principles of statutory construction there was no time limit within which they were required to serve their mandamus petition because the express language of section 65860 contains no such limitation. Although appellants refer to numerous authorities in their briefs, they cite none to support their fundamental contention that ". . . the legislature, with full knowledge of the existence of section 65009, chose instead to require, in those actions brought pursuant to . . . section 65860, that those particular actions be commenced, but not served, within ninety (90) days."

Applying accepted principles of statutory construction, we come to the opposite conclusion. We hold that the 120-day limitation for service found in former section 65009, subdivision (c), applied to the extent appellants' mandamus petition sought to enforce the command in section 65860, subdivision (a), that local zoning ordinances conform to the applicable community (or general) plan.

As former section 65009 itself makes clear, its purpose is "to provide certainty for property owners and local governments regarding decisions made pursuant to this division." (§ 65009, subd. (a)(3); *City of Coachella* v. *Riverside County Airport Land Use Com.* (1989) 210 Cal.App.3d 1277, 1284 [258 Cal.Rptr. 795].) To carry out this express intent, the Legislature used expansive language in former section 65009, subdivision (c), to define the kinds of challenges to decisions which must be filed and served within 120 days. In choosing this comprehensive phraseology, the Legislature foreclosed any and all attacks on the validity of such decisions unless timely brought and served within the limits set out in the statute. (*Freeman* v. *City of Beverly Hills* (1994) 27 Cal.App.4th 892, 897 [32 Cal.Rptr.2d 731]; see also *Garat* v. *City of Riverside* (1991) 2 Cal.App.4th 259 [3 Cal.Rptr.2d 504], disapproved on other grounds in *Morehart* v. *County of Santa Barbara* (1994) 7 Cal.4th 725, 743, fn. 11 [29 Cal.Rptr.2d 804, 872 P.2d 143].)

Consistent with its aim, former section 65009 encompasses legal challenges to a broad range of land use actions taken by a local agency, i.e., challenges to the adequacy of a general plan, to decisions to adopt or amend a general or specific plan, a zoning ordinance, or any regulation attached to a specific plan, and to "any of the proceedings, acts, or determinations taken, done, or made prior" to such decisions. (Former § 65009, subd. (c).) Section 65860, subdivision (b), on the other hand, addresses only a subcategory of the local agency actions described in former section 65009, subdivision (c), because section 65860 covers only challenges to the consistency of an enacted or amended zoning ordinance with the community or general plan. Former section 65009, subdivision (c), is thus the general and section 65860, subdivision (b), the specific statute with respect to lawsuits involving local zoning-related decisions.

▇ When two statutes relate to the same subject, ordinarily the more specific and particular provision will govern as against the more general provision, although the latter standing alone is broad enough to include the subject addressed by the more particular provision. (*San Francisco Taxpayers Assn.* v. *Board of Supervisors* (1992) 2 Cal.4th 571, 577 [7 Cal.Rptr.2d 245, 828 P.2d 147]; see also *In re Williamson* (1954) 43 Cal.2d 651, 654 [276 P.2d 593].) However, this rule applies only to the extent the two provisions cannot be reconciled. (*People* v. *Wheeler* (1992) 4 Cal.4th 284, 293 [14 Cal.Rptr.2d 418, 841 P.2d 938]; see also *Garcia* v. *McCutchen* (1997) 16 Cal.4th 469, 476-477 [66 Cal.Rptr.2d 319, 940 P.2d 906].) When reconciliation is possible, the two statutes must be construed "in reference to each other, so as to 'harmonize the two in such a way that no part of either becomes surplusage.' [Citations.]" (*DeVita* v. *County of Napa, supra,* 9 Cal.4th at pp. 778-779.) It must be presumed that "the Legislature intended

'every word, phrase and provision . . . in a statute . . . to have meaning and to perform a useful function.' " (*Garcia* v. *McCutchen, supra,* 16 Cal.4th at p. 476.)

 It is possible to reconcile and give effect to both former section 65009, subdivision (c), and section 65860, subdivision (b). Former section 65009, subdivision (c) (120 days), and section 65860, subdivision (b) (90 days), conflict as to the time limit for the filing of actions within their respective scopes; the latter statute, as the more specific, should therefore govern the time within which appellants were required to file their action after the board's decision to enact ordinance No. 3130. (*San Francisco Taxpayers Assn.* v. *Board of Supervisors, supra,* 2 Cal.4th at p. 577.) However, no conflict exists between section 65860, subdivision (b), and former section 65009, subdivision (c), concerning the time for service. Section 65860, subdivision (b), is silent about the subject, but former section 65009, subdivision (c), expressly sets a 120-day period for service of an action challenging a local zoning decision. Thus, former section 65009, subdivision (c), defines the period within which appellants were required to serve their petition on respondents. Related in this manner, the provisions of each statute are given meaning and " 'a useful function.' " (*Garcia* v. *McCutchen, supra,* 16 Cal.4th at p. 476.)

This conclusion is confirmed by the presence of an applicable express statutory counterpart to the common law derived rules of construction we have relied upon. Former section 65009, subdivision (g), states that, except under certain circumstances not relevant to this appeal, section 65009 "shall not affect any law prescribing or authorizing a shorter period of limitation than that specified herein." By this language, the Legislature recognized other more specific statutes could exist which prescribe shorter limitations periods than that in former section 65009, subdivision (c), and any such other, more particular, provision should hold sway whenever applicable. The legislative awareness apparent in subdivision (g) is consistent with the legislative intent underlying former section 65009—to restrict the time within which local zoning decisions may be challenged in the courts. (See former § 65009, subd. (a)(2), (3).) Under subdivision (g), the shorter 90-day statute of limitations in section 65860, subdivision (b), for the filing of appellants' petition prevailed over the then 120-day statute of limitations for such filing found in section 65009, subdivision (c). (See, e.g., *Lee* v. *City of Monterey Park* (1985) 173 Cal.App.3d 798 [219 Cal.Rptr. 309].)

We have not found, and we have not been alerted to, any other statute which sets a shorter period for service of actions under former section 65009, subdivision (c). Section 65860 identifies the statutory law on writs of

mandate—"Chapter 2 (commencing with Section 1084) of Title 1 of Part 3 of the Code of Civil Procedure"—as governing the conduct of court proceedings which challenge alleged inconsistencies between a zoning ordinance and a general or community plan. (§ 65860, subd. (b).) However, there is nothing in chapter 2 of title 1 of part 3 of the Code of Civil Procedure which dictates the time for service of a petition for writ of mandate. At most, Code of Civil Procedure sections 1088 and 1088.5 address matters relating to the service of a petition before hearing on an application for an alternative or peremptory writ. Here, as we said earlier, appellants prayed for an alternative writ and a preliminary injunction in their petition but they did not apply or attempt to set a hearing for such provisional relief.

Appellants offer no substantial argument or authority which prompts us to reach a conclusion favorable to them. They maintain the two statutes are incapable of being reconciled in the manner we have described because the board's decision was not "within the discretion of the legislative body." In the context of this case, we understand appellants to say that (1) former section 65009, subdivision (c), is irrelevant because it does not apply to "invalid" zoning decisions which conflict with the general plan and instead is applicable only to "valid" zoning decisions which are consistent with the in-force general plan; and (2) section 65860, subdivision (b), alone applies to invalid zoning decisions which conflict with the in-force general plan. In other words, according to appellants former section 65009, subdivision (c), comes into play only when the zoning decision in issue represents an abuse of the local agency's discretion and section 65860, subdivision (b), comes into play when the zoning decision in issue is entirely "void." Appellants rely on *Anza Parking Corp.* v. *City of Burlingame* (1987) 195 Cal.App.3d 855 [241 Cal.Rptr. 175].

*Anza Parking Corp.* v. *City of Burlingame, supra,* 195 Cal.App.3d at page 857, involved mandate proceedings brought to enforce a "nontransfer" clause in a conditional use permit issued several years earlier. The trial court refused to enforce the clause. The appellate court affirmed. The principal issue on appeal was whether the local zoning authority had the power to condition a use permit upon nontransferability. The appellate court answered in the negative and found that a conditional use permit creates a right which does not attach to the permittee but rather runs with the land. (*Id.* at p. 858.) Consequently, the court held the "nontransfer" condition was beyond the power of the zoning authority and therefore void. (*Id.* at p. 860.)

The appellant in *Anza* in part asserted that the respondent's claim the local agency had no power to issue the conditional use permit was time-barred by

virtue of the 180-day statute of limitations in former section 65907. This section applied to any action or any defense attacking a conditional use permit or challenging the reasonableness, legality or validity of any condition in such a permit. (*Anza Parking Corp.* v. *City of Burlingame, supra,* 195 Cal.App.3d at p. 860.) Noting that section 65909 also prohibited a local agency from conditioning the issuance of a use permit in a manner not reasonably related to the use of the property for which the permit was requested, the appellate court read section 65909 together with former section 65907. The court concluded the latter statute applied to the imposition of conditions that a local zoning authority could impose but not to conditions beyond the agency's power and declared unlawful. (*Anza Parking Corp.* v. *City of Burlingame, supra,* 195 Cal.App.3d at p. 861.) The court said in part: "Surely a void and unlawful, or unconstitutional, use condition will not reasonably be perpetuated for failure of someone to comply with section 65907." (*Ibid.*)

We will not analogize *Anza Parking Corp.* to the instant case and find former section 65009, subdivision (c), inapplicable on the theory ordinance No. 3130 was inconsistent with the general plan and thus void. Although the two statutes in issue here are to some extent comparable to those involved in *Anza*, there is an important and we believe dispositive distinction between this case and *Anza*. In *Anza Parking Corp.* v. *City of Burlingame, supra,* 195 Cal.App.3d 855, section 65909, the statute prohibiting conditions not reasonably related to the use of the property, did not contain any limitations period whatsoever. Consequently, the appellant in *Anza Parking Corp.*, took the position that former section 65907, the statute of limitations for actions or defenses attacking a conditional use permit, applied. By contrast, here section 65860, subdivision (b), the statute which prohibits zoning ordinances inconsistent with a general plan, includes a specific 90-day statute of limitations for the filing of actions to enforce the prohibition. Thus, unlike the situation in *Anza,* the Legislature has expressed its intent that zoning ordinances claimed to be inconsistent with a general plan, while objectively unlawful, are nonetheless immune from attack—or, in the words of *Anza,* will be "perpetuated"—if an interested party does not challenge the nonconforming ordinance by court action filed within the specified 90 days. Put another way, the text of section 65860, subdivision (b), renders a zoning ordinance in violation of section 65860, subdivision (a), voidable, not void. If in fact the Legislature intended by section 65860, subdivision (a), to invalidate all local zoning decisions inconsistent with the relevant general plan and leave them subject to attack at any time, it most surely would not have put the specific 90-day statute of limitations in subdivision (b) of the statute.

In addition, to hold as appellants want us to would subvert the Legislature's unambiguous intent "to provide certainty for property owners and

local governments regarding decisions made pursuant to this division." (Former § 65009, subd. (a)(3); *City of Coachella* v. *Riverside County Airport Land Use Com., supra,* 210 Cal.App.3d at p. 1285.) The "division" in which former section 65009 is found is the same "division" (planning and zoning) of title 7 of the code where section 65860 is found. Requiring an aggrieved citizen to file an action within 90 days but permitting him or her to withhold service for months or years would effectively suspend the effective date of local land use and development decisions and leave such matters at the mercy of the complainant.[8] We cannot imagine how effective land use regulation could be carried out anywhere in this state if every local zoning decision were put, for perhaps years, under the Damoclean sword of a filed but unserved—and therefore unadjudicated—lawsuit which claimed a section 65860, subdivision (a), violation. We have little doubt every controversial zoning decision would be challenged on this ground, whether or not warranted.

In any event, were *Anza* on point, we would likely decline to follow it. The opinion, which in effect holds there is no statute of limitations for claims that a conditional use permit is void, stands on its head the Legislature's intent to ensure the quick resolution of challenges to local planning and zoning decisions. Three other published opinions apparently have misgivings about *Anza*; they do their best to distance themselves from it (*Ponderosa Homes, Inc.* v. *City of San Ramon* (1994) 23 Cal.App.4th 1761, 1772 [29 Cal.Rptr.2d 26]; *California Ranch Homes Development Co.* v. *San Jacinto Unified School Dist.* (1993) 17 Cal.App.4th 573, 580 [21 Cal.Rptr.2d 557]; *California Coastal Com.* v. *Superior Court* (1989) 210 Cal.App.3d 1488, 1501, fn. 9 [258 Cal.Rptr. 567]). We have found no case which endorses *Anza* and no case beyond the three mentioned which cites it.

Appellants also argue that the absence of any mention in section 65860 of section 65009 means the Legislature consciously chose not to set a limit on service for a section 65860, subdivision (b), action. According to appellants, if the Legislature intended that section 65860, subdivision (b), actions be served within 120 days it would have included a reference to former section 65009, subdivision (c), in section 65860, subdivision (b). Absent from appellants' brief on this point is any authority for the principle they espouse,

---

[8]Appellants have not told us, and we make no effort to determine, whether there is any time provision elsewhere in the laws of California which would set the outside limit for service of the action filed by appellants if former section 65009, subdivision (c), did not exist. We only mention Code of Civil Procedure section 583.210, which requires service of the summons and complaint in a normal civil action within three years of filing. The public agency would surely have a right to voluntarily appear, answer, and argue for dispatch in the prosecution of a section 65860, subdivision (b), mandate action, but we find nothing in the statutes which suggests the Legislature intended the public agency to bear such a burden.

i.e., that the omission from one statute of a reference to a related statute implies the Legislature intended that the two sections should not have concurrent application. In point of fact, as we explained earlier, the relevant authority is against appellants; it is an established rule of statutory interpretation that statutes should be harmonized and read together whenever possible, such that effect will be given to both enactments to the extent reasonably feasible. (*DeVita* v. *County of Napa, supra,* 9 Cal.4th at pp. 778-779; *Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230-231 [110 Cal.Rptr. 144, 514 P.2d 1224].)

Nothing in *Lee* v. *City of Monterey Park, supra,* 173 Cal.App.3d 798, also cited by appellants, undermines our conclusions. In *Lee,* the court did not address the time limit for *service* of the action in question, which action in part challenged an initiative zoning measure as violative of section 65860, subdivision (a). The *Lee* court addressed only the 90-day time limit for filing such an action found in section 65860, subdivision (b), holding that the respondent's demurrer was properly sustained because the appellant's suit was not filed within the required 90 days. (173 Cal.App.3d at p. 810.) *Lee* could not have had anything to say about the relationship between section 65860, subdivision (b), and section 65009, subdivision (c), because the underlying action in *Lee* was filed in 1983, but former section 65009 did not apply until January 1, 1984. (Stats. 1983, ch. 1138, § 1, p. 4314.)

Because appellant's mandamus petition was not served upon respondents within the then existing 120-day limit of former section 65009, subdivision (c), even though the action was timely filed, the trial court did not err in sustaining, without leave to amend, respondents' demurrer.

## IV. *The Conditional Use Permit*

■ We come to the same conclusion with respect to appellants' claim the board's action violated former section 65907, subdivision (a), relating to conditional use permits. Former section 65907 provided: "(a) *Except as otherwise provided by ordinance,* any action or proceeding to attack, review, set aside, void, or annul any decision of matters listed in Sections 65901 and 65903, or concerning any of the proceedings, acts, or determinations taken, done, or made prior to such decision, or to determine the reasonableness, legality, or validity of any condition attached thereto, shall not be maintained by any person *unless the action or proceeding is commenced within 90 days and the legislative body is served within 120 days after the date of the decision.* Thereafter, all persons are barred from any such action or proceeding or any defense of invalidity or unreasonableness of that decision or of these proceedings acts, or determinations. . . ." (Italics added.)

Thus, like former section 65009, former section 65907 at the time these proceedings were initiated set limitation periods for both the filing and serving of an action attacking the issuance of a conditional use permit by a local agency.[9] (Former § 65907, subd. (a).) However, unlike former section 65009, former section 65907 included a provision which qualified the two limitations periods with the words "except as otherwise provided by ordinance." Here, it is undisputed that Tulare County Ordinance Code section 165(e) provided that judicial review of a decision of the board regarding a special use permit must be conducted in accord with the procedures set out in Code of Civil Procedure section 1094.6 to the extent this statute may be applicable.[10] Code of Civil Procedure section 1094.6 establishes a 90-day statute of limitations for the filing of a petition for writ of mandate; it is, however, silent about the time within which such a filed petition must be served.

Appellants assert that ordinance section 165(e) operates to displace the limitations in section 65907 with those in Code of Civil Procedure section 1094.6, to the effect that there is no restriction on the time for service of a mandate petition filed against an agency decision to issue a conditional use permit.

Appellants are wrong for essentially the same reasons they were wrong with respect to section 65860 and former section 65009. Neither ordinance code section 165(e) nor Code of Civil Procedure section 1094.6 "otherwise provid[es]" (former § 65907, subd. (a)) a limitations period for the *service* of a mandate petition raising former section 65907 issues. Both the ordinance and the Code of Civil Procedure sections are silent about the time within which such a petition must be served. (See *Hoyt* v. *Board of Civil Service Commrs.* (1942) 21 Cal.2d 399, 409 [132 P.2d 804].) Under the same rationale we applied and the same authority we cited in holding that the service limits of former section 65009, subdivision (c), govern the action to the extent it related to ordinance No. 3130, we hold that the service limits of former section 65907 applied to appellants' petition to the extent it challenged the legitimacy of the Board's issuance of the conditional use permit. (*Beresford Neighborhood Assn.* v. *City of San Mateo* (1989) 207 Cal.App.3d 1180, 1186-1187 [255 Cal.Rptr. 434].)

---

[9]As previously mentioned, effective January 1, 1997, the Legislature repealed section 65907 (Stats. 1996, ch. 799, § 6) and incorporated actions involving conditional use permits into section 65009 (Stats. 1996, ch. 799, § 2; see current § 65009, subd. (c)(5)).

[10]The record does not include a copy of ordinance code section 165(e), nor have appellants thought to provide this court with a copy. However, because the parties agree such an ordinance exists, we accept their respective consistent representations as to its contents.

## DISPOSITION

The judgment is affirmed. Respondents are awarded costs on appeal.

Thaxter, J., and Levy, J., concurred.