Filed 12/9/13  Snyder v. City of Los Angeles CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| BRUCE SNYDER,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>CITY OF LOS ANGELES et al.,<br><br>    Defendants and Respondents;<br><br>LITTLE TOKYO SERVICE CENTER et al.,<br><br>    Real Parties in Interest and<br>    Respondents. | B244980<br><br>(Los Angeles County<br>Super. Ct. No. BS137516) |

APPEAL from an order of the Superior Court of Los Angeles County, Richard Fruin, Judge.  Affirmed.

Bruce Snyder, in pro. per., for Petitioner and Appellant.

Carmen A. Trutanich and Mike Feuer, City Attorneys, Amy Brothers and Seigmund Shyu, Deputy City Attorneys, for Defendants and Respondents  City of Los Angeles and The City Planning Commission of the City of Los Angeles.

Alston & Bird, Nicki Carlsen, Shiraz D. Tangri and Andrea S. Warren for Real Parties in Interest and Respondents Little Tokyo Service Center, LTSC Community Development Corporation and Korean Resource Center.

This case arises from a challenge to approval of an affordable senior housing project in the City of Los Angeles. Appellant Bruce Snyder contends the trial court erred in sustaining a demurrer to his petition for administrative mandamus on the ground that it is time-barred. He argues the limits in the general statute governing petitions for writ of administrative mandamus (Code Civ. Proc., § 1094.6 (hereafter section 1094.6)) apply rather than time limits governing actions challenging a local government planning or zoning decision (Gov. Code, § 65009 (hereafter section 65009)). He also argues the demurrer was untimely and not properly noticed.

We conclude this action was barred by the section 65009 90-day time limit for filing and serving a petition challenging the approval of the project. We find no basis for reversal in Snyder's other arguments.

**FACTUAL AND PROCEDURAL SUMMARY**

On January 12, 2012, the Los Angeles City Planning Commission approved a 45-foot high, 32-unit affordable senior apartment development with office space and areas for recreation and classrooms and 16 parking spaces (the Project). Affordable housing incentives were approved increasing the floor area ratio, the number of stories, the height of the building, and the percentage of the recreation area qualifying for the open space requirement. The planning commission also adopted a mitigated negative declaration pursuant to the California Environmental Quality Act (CEQA, Pub. Util. Code, § 21000 et seq.). On February 29, 2012, the planning commission filed a notice of these determinations with the Office of the County Clerk of Los Angeles. The parties treat this as the date the project was approved with a mitigated negative declaration.

On May 25, 2012, Bruce A. Snyder, Horacio Ivan Fuentes, and Stephanie Kline Morehouse[1] challenged approval of the Project by filing a petition for writ of administrative mandamus pursuant to Code of Civil Procedure section 1094.5 (the petition). The named respondents were the City of Los Angeles and City Planning

---

[1] Only Snyder appealed from the trial court ruling.

2

Commission of the City of Los Angeles (collectively "respondents"). The Little Tokyo Service Center, LTSC Community Development Corporation, and the Korean Resource Center were named as real parties in interest. The petition alleged the Project will have significant environmental impacts and does not comply with applicable land use plans and zoning requirements. Petitioners sought a peremptory writ of mandamus ordering respondents to set aside approvals of the Project and the mitigated negative declaration. They also asked the court to order respondents to refrain from granting any additional permits, entitlements, or other approvals related to the Project until it complies with CEQA, state statutes and local ordinances. They sought an order declaring the City's use of planning deviations violates the law, and requiring that the deviation procedure be brought into compliance with public policy or the Los Angeles Municipal Code. Petitioners sought a stay of the Project pending the outcome of the proceeding, as well as preliminary and permanent injunctions enjoining the city from approving any four-story projects in any of the three-story limit zones in the Wilshire district. Petitioners prayed for attorney fees pursuant to Code of Civil Procedure section 1021.5 and Government Code section 800.

On May 17, 2012, over a week before the petition was filed, petitioners mailed copies of the petition to the department of city planning, city planning commission, and the real parties in interest. It is undisputed that the summons and petition for administrative mandamus were not personally served until May 31, 2012.

Respondents and real parties in interest jointly demurred to the petition on the ground that it was not filed and served within the 90-day limit set out in section 65009, subdivision (c)(1)(E). They also moved to strike petitioners' requests for declaratory and injunctive relief.[2] Petitioners opposed the motion on the ground that the time for filing is governed by section 1094.6 rather than section 65009. Based on this argument, they argued the petition was timely since it was filed on May 25, 2012, within the 90-day

_____

[2] The trial court ruled that the motion to strike was moot because the demurrer was sustained without leave to amend.

3

deadline for service. Petitioners also argued that the February 29, 2012 Public Notice of Determination did not comply with the mandatory language of section 65009, subdivision (b)(2), and therefore that statute did not apply. They claimed that respondents were not prejudiced by service of the summons beyond the 90-day deadline because copies of the petition without a summons were mailed to the parties on May 17, 2012.

Respondents and real parties in interest filed a joint reply and asked the court to take judicial notice of the planning commission's Agenda Notice and the City Planning Recommendation Report. Also included in the request was a May 17, 2012 letter by petitioner Snyder advising the parties that he would file the attached petition if the Project was not stopped.[3]

The trial court sustained the demurrer without leave to amend on the ground the petition was barred by section 65009, and ordered the case dismissed. The court signed an order and judgment submitted by counsel for real parties in interest stating that the demurrer was sustained without leave to amend, and that the court's tentative decision would constitute the statement of decision. Counsel for real parties in interest then filed a notice of entry of judgment and order on the demurrer, incorporating the notice of ruling with the tentative decision. Petitioner Snyder filed a timely appeal.

## DISCUSSION

### I

Petitioner's primary contention is that this case is governed by the general limitations period for administrative mandamus set out in section 1094.6, rather than the more specific limits of section 65009, which apply to challenges to specified categories of local government planning and zoning decisions. If this action is governed by section 65009, it is barred since the petition, although filed within the 90-day deadline, was not served until 92 days after the decision. We review the judgment on demurrer de novo.

---

[3] The court's tentative ruling on the demurrer does not indicate whether it took judicial notice of these documents.

4

(*General Development Co., L.P. v. City of Santa Maria* (2012) 202 Cal.App.4th 1391, 1394.)

A. *Section 1094.6*

"Section 1094.6 establishes time limits for judicial review of the decision of a local agency and requires the petition to be filed 'not later than the 90th day following the date on which the decision becomes final.' (§ 1094.6, subd. (b).)" (*Blaich v. West Hollywood Rent Stabilization Dept.* (2011) 195 Cal.App.4th 1171, 1176.) It does not require service of the petition within this time frame. (*Honig v. San Francisco Planning Dept.* (2005) 127 Cal.App.4th 520, 529 (*Honig*).) The statute also provides that it does not control over another, shorter statute of limitations: "This section shall prevail over any conflicting provision in any otherwise applicable law relating to the subject matter, *unless the conflicting provision is a state or federal law which provides a shorter statute of limitations, in which case the shorter statute of limitations shall apply*." (Section 1094.6, subd. (g), italics added.)

B. *Section 65009*

Section 65009 was enacted to avoid delays stemming from challenges to local planning and zoning determinations. Subdivision (a)(1) provides: "The Legislature finds and declares that there currently is a housing crisis in California and it is essential to reduce delays and restraints upon expeditiously completing housing projects. [¶] (2) The Legislature further finds and declares that a legal action or proceeding challenging a decision of a city . . . has a chilling effect on the confidence with which property owners and local governments can proceed with projects. Legal actions or proceedings filed to attack, review, set aside, void or annul a decision of a city . . . pursuant to this division, including, but not limited to, the implementation of general plan goals and policies that provide incentives for affordable housing, . . . and other related public benefits, can prevent the completion of needed developments even though the projects have received required governmental approvals. [¶] (3) The purpose of this section is to provide certainty for property owners and local governments regarding decisions made pursuant to this division."

5

Under the express language of section 65009, subdivision (c)(1), an action challenging specified planning and zoning decisions must be filed and served within 90 days of the decision: "[N]o action or proceeding shall be maintained in any of the following cases by any person *unless the action or proceeding is commenced and service is made* on the legislative body within 90 days after the legislative body's decision . . . ." (Italics added.) Section 65009, subdivision (c)(1) governs challenges to a number of enumerated planning and zoning decisions, including a proceeding "[t]o attack, review, set aside, void, or annul any decision on the matters listed in Sections 65901 [decision on zoning permits and variances by board of zoning adjustment or zoning administrator] or section 65903 [decisions of board of appeals from zoning decisions], *or to determine the reasonableness, legality, or validity of any condition attached to a variance, conditional use permit, or any other permit*." (Italics added.) The petition for writ of administrative mandamus in this case comes squarely within section 65009, subdivision (c)(1)(E) because it challenges the approval of the Project.

In *Gonzalez v. County of Tulare* (1998) 65 Cal.App.4th 777 (*Gonzalez*), the court found the 90-day service deadline under section 65009[4] consistent with the purposes of the statute: "Requiring an aggrieved citizen to file an action within 90 days but permitting him or her to withhold service for months or years would effectively suspend the effective date of local land use and development decisions and leave such matters at the mercy of the complainant. We cannot imagine how effective land use regulation could be carried out anywhere in this state if every local zoning decision were put, for perhaps years, under the Damoclean sword of a filed but unserved—and therefore unadjudicated—lawsuit which claimed a section 65860, subdivision (a), violation. We

---

[4] The *Gonzalez* court construed former section 65009, which allowed 120 days to commence and serve an action challenging the planning and zoning decisions enumerated in the statute. Effective January 1, 1996, this period was shortened to 90 days. (*Gonzalez, supra*, 65 Cal.App.4th at p. 783, fn. 5, citing Stats.1995, c. 253, § 1.)

have little doubt every controversial zoning decision would be challenged on this ground, whether or not warranted." (*Id*. at p. 790, fn. omitted.)

Subdivision (e) of section 65009 reiterates the impact of the statute of limitations: "Upon expiration of the time limits provided for in this section, all persons are barred from any further action or proceeding." Strict compliance with the 90-day limitation of section 65009, subdivision (c)(1)(E) is required. (*Okasaki v. City of Elk Grove* (2012) 203 Cal.App.4th 1043, 1048.) The *Okasaki* court ruled that the specific language of section 65009, rather than the more general limitations provision of section 1094.6, governs the challenge to a zoning variance. It reasoned: "Under settled rules of statutory construction, a specific statute controls over a more general statute. [Citations.] Accordingly, Government Code section 65009 establishes the applicable limitation period, and Code of Civil Procedure section 1094.6 does not operate to extend the limitations deadline on these particular facts." (*Id*. at p. 1049, fn. omitted.)

In his reply brief Snyder argues for the first time, the deadline of section 65009 is unconstitutional and that his right to due process has been violated by application of that statute. The issues are forfeited. (*Cates v. Chiang* (2013) 213 Cal.App.4th 791, 814 [issue forfeited because party deprived opponent of opportunity to respond by raising argument only in reply brief].)

*C. Contentions*

*1. Specific Statute Governs*

Snyder asserts, without citation to authority, that the housing crisis "does not exist for every type of housing, in every part of every city in California and many cities may not want more red tape to 'fix the current red tape' so the Legislature has given cities the ability to opt in or opt out. The entire 65009 code is voluntary." Where an appellant fails to support an argument with citations to authority, we treat the point as waived. (*Sims v. Department of Corrections & Rehabilitation* (2013) 216 Cal.App.4th 1059, 1081.)

In any event, the argument is contrary to the express purpose and language of the statute. (*Honig*, *supra*, 127 Cal.App.4th 520, 527 [argument that deadline of section 65009 is inapplicable to challenge zoning variance "is illogical and adopting it would

7

undermine the statutory purpose."].)  The Legislature enacted the short limitations period in section 65009 "to alleviate the 'chilling effect" of legal challenges to local planning and zoning decisions.  (*Travis v. County of Santa Cruz* (2004) 33 Cal.4th 757, 765.) There is no language in the text of section 65009 allowing cities to opt out of its provisions.  In addition, section 65009, subdivision (f) states that this section applies to charter cities.  Los Angeles is a charter city.  (*Estrada v. City of Los Angeles* (2013) 218 Cal.App.4th 143, 152; *Michael Leslie Productions, Inc. v. City of Los Angeles* (2012) 207 Cal.App.4th 1011, 1021–1022.)

Snyder argues that section 1094.6 governs because his petition was brought under Code of Civil Procedure section 1094.5 rather than section 65009.  He fails to appreciate that a petition for administrative mandamus brought under Code of Civil Procedure section 1094.5 is the procedure to obtain judicial "review of a proceeding that required a hearing, the taking of evidence, and discretionary administrative determination of facts. [Citation.]"  (*Helene Curtis, Inc. v. Los Angeles County Assessment Appeals Bds.* (2004) 121 Cal.App.4th 29, 37.)  As we have discussed, the specific deadlines of section 65009 apply here.

*2. Notice*

Snyder also argues the petition is not governed by section 65009 because the notice of determination by respondents was misleading and did not incorporate mandatory language found in section 65009, subdivision (b).  The February 29, 2012, notice of determination stated:  "**Effective Date/Appeals:  This action of the City Planning Commission is final and not further appealable upon the mailing date of this determination letter.**  [¶] The time in which a party may seek judicial review of this determination is governed by California Code of Civil Procedure section 1094.6.  Under that provision, a petitioner may seek judicial review of any decision of the City pursuant to California Code of Civil Procedure section 1094.5, only if the petition for writ of mandamus pursuant to that section is filed no later than the 90th day following the date on which the City's decision becomes final."

8

Snyder argues the notice not only omitted any reference to the requirement that the petition be served within the 90-day deadline of section 65009, but directed him to section 1094.6, which does not include that requirement. A similar argument, sounding in estoppel, has been rejected. In *Honig*, *supra*, 127 Cal.App.4th 520, a petitioner filed a writ of administrative mandamus challenging a zoning variance and building permit authorizing expansion of a home belonging to neighbors. Respondents demurred on the ground the petition was barred by section 65009. The petitioner argued the respondents should be estopped from asserting this deadline because they deliberately misled her as to the applicable limitations period. The notice of the zoning decision stated: "'If this decision is subject to review under Code of Civil Procedure [section] 1094.5, then the time within which judicial review must be sought is governed by [section] 1094.6.'" (*Id*. at p. 529, fn. omitted.) Like Snyder, petitioner in *Honig* argued that this provision gave no warning that a writ petition must be *served* within 90 days pursuant to section 65009, subdivision (c)(1)(E).

Analyzing the question as one of equitable estoppel, the *Honig* court rejected the contention. It reasoned: "[N]othing in the language of the notice . . . or in the Code of Civil Procedure sections referenced in that notice, directed appellant to apply an incorrect and untimely limitations period to filing or serving her petition. Contrary to appellant's assertion, the notice did not indicate that timely filing of her petition would be sufficient to obtain judicial review, did not purport to address the requirements for serving the petition, and did not state that failure to comply with any service requirements would be excused. Moreover, subdivision (g) of Code of Civil Procedure section 1094.6 (the limitations statute referenced in the notice) cautions that section 1094.6 'shall prevail over any conflicting provision in any otherwise applicable law relating to the subject matter, unless the conflicting provision is a state or federal law which provides a shorter statute of limitations in which case the shorter statute of limitations shall apply.' This subdivision was sufficient to put appellant on notice that a conflicting, shorter limitations provision relating to the subject matter might exist. In addition, appellant has failed to provide any authority for her assertion that the board of appeals was required to notify

9

her of the actual statutory provisions controlling the limitations period for her petition challenging its building permit decision." (*Honig*, *supra*, 127 Cal.App.4th at p. 530–531.)

In so holding, the *Honig* court relied on *Beresford Neighborhood Assn. v. City of San Mateo* (1989) 207 Cal.App.3d 1180, 1186–1187 (*Beresford*). In that case, the appellants challenged approval of a senior citizens housing project. Their complaint was filed and served one day beyond the 120-day deadline of former section 65009. A footnote to the minutes of the city council meeting at which the project was approved stated: "This is a final decision concluding all administrative proceedings. Judicial review may be had only if a petition is filed with the Court not later than the 90th day following the date the decision is made." (*Id*. at p. 1185.) The trial court sustained a demurrer without leave to amend on the ground the action was barred by the statute of limitations. On appeal, the appellants argued the city should not be allowed to invoke the statute of limitation because the notice said judicial review of the decisions would not be available unless a petition was filed within 90 days. The court concluded "Appellants cannot plausibly claim that they failed to effect timely service because they were misled by this notice." (*Id*. at p. 1186–1187.) The court observed the notice did not say that timely *filing* would be sufficient, did not purport to address any other legal requirements for maintaining a challenge, and did not state that any failure to comply with such requirements would be excused. The equitable estoppel argument was rejected. (*Ibid.*)

Snyder seeks to distinguish this precedent. He points out that the notice in *Beresford* did not cite section 1094.6. While that is so, the notice in *Beresford* is similar to the notice here in that it made no reference to any deadline for *service* of a challenge to a planning or zoning decision, referring only to the *filing* of the challenge. Similarly, the notice in *Honig*, which referred to "the time within which judicial review must be sought" under section 1094.6, (127 Cal.App.4th at p. 529) was silent as to service of the challenge. Like the notices in *Honig* and *Beresford*, the language of the notice in this case was not misleading with respect to *service* of Snyder's challenge to the approval of the Project. Respondents are not barred from invoking the deadline of section 65009.

10

*3. Section 65009, subdivision (b)*

Snyder argues that section 65009 does not apply because the notice of determination mailed February 29, 2012 does not include mandatory language set out in section 65009, subdivision (b).

Subdivision (b) of section 65009 requires, generally, that any issue in a petition challenging a public agency decision regarding planning and zoning must first have been raised in the administrative proceeding.[5]  Subdivision (b)(2) provides "If a public agency desires *the provisions of this subdivision to apply to a matter,*" it shall give specified public notice that only issues raised in the administrative proceeding may be raised in a court challenge.  (Italics added.)  This warning language has been construed as an exhaustion of remedies requirement which limits the scope of issues on judicial review, rather than as a condition precedent to the applicability of other subdivisions of the statute, including the 90-day limit.  (*Building Industry Assn. of Central California v. County of Stanislaus* (2010) 190 Cal.App.4th 582, 596–597; *Park Area Neighbors v. Town of Fairfax* (1994) 29 Cal.App.4th 1442, 1447–1448.)  There is no requirement that the warning language of subdivision (b) of section 65009 be included in a notice of planning or zoning decision in order to trigger the 90-day deadline.

We conclude that section 65009, subdivision (c)(1) sets the applicable deadline for the petition challenging approval of the project.  The petition was not served within this 90-day period and therefore the trial court did not err in sustaining the demurrer without leave to amend.[6]

---

[5] Section 65009, subdivision (b)(1) states:  "In an action or proceeding to attack, review, set aside, void, or annul a finding, determination, or decision of a public agency made pursuant to this title at a properly noticed public hearing, the issues raised shall be limited to those raised in the public hearing or in written correspondence delivered to the public agency prior to, or at, the public hearing . . ." unless they could not have been raised or the body conducting the hearing prevented the issues from being raised.

[6] Snyder raised a number of issues for the first time at oral argument.  Since they were forfeited because they were not raised in the briefs on appeal, we do not address them. (*Collins v. Navistar, Inc.* (2013) 214 Cal.App.4th 1486, 1508, fn. 8.)

II

Snyder argues that the demurrer was not timely filed because it was filed more than 30 days after service of the complaint, citing Code of Civil Procedure section 430.40, subdivision (a). The summons and complaint were served on May 31, 2012. The joint demurrer was filed on July 20, 2012.

Section 1089.5 governs the time for response to a petition for writ of mandamus where, as here, no peremptory writ is sought. It provides that where the record of administrative proceedings has not been filed with the petition, the parties served with the petition have 30 days following receipt of a copy of the record to respond. The petition states "Within 10 days of filing of this Petition, Petitioners will serve a notice of their intention to prepare the administrative record themselves." At the hearing on the demurrer, the representative of petitioners stated that no administrative record had been requested.[7] The trial court's tentative ruling found the demurrer timely under section 1089.5 and on the alternative ground that no default had been taken and therefore the demurrer was still timely. At the hearing, the trial court explained that a responsive pleading could be filed at any time before a default was entered. It stated that even if a default had been entered, on application of respondents and real parties, the court would have vacated it and allowed filing of the demurrer.

We agree with this approach. The respondents and real parties in interest would have been allowed to file a demurrer to the petition even if Snyder had obtained a default judgment against them. "[W]hen a party in default moves promptly to request relief, 'very slight evidence is required to justify a trial court's order setting aside a default. [Citation.]' [Citation.]" (*Purdum v. Holmes* (2010) 187 Cal.App.4th 916, 922.) We will

_____

[7] The court reporter identifies two of the individuals appearing at the hearing only as "Right1" and "Left1." The deputy city attorney who appeared was identified as "Left2" by the court reporter, but gave his appearance. The others did not. From context, we have been able to determine that the person identified as "Right1" was speaking for petitioners and that "Left1" was speaking for some or all of real parties in interest. We strongly discourage this usage in official court transcripts.

12

not disturb a trial court's decision to grant relief absent clear abuse. (*Ibid.*) Here, petitioners admittedly failed to provide any administrative record to respondents and real parties in interest before the hearing on the demurrer. Under these circumstances, there would have been grounds to vacate a default judgment. We conclude Snyder was not harmed by the trial court's treatment of the demurrer as timely.

Snyder also argues the demurrer was not set for hearing in compliance with California Rules of Court, rule 3.1320(d). That rule requires the demurrer to be set "not more than 35 days following the filing of the demurrer *or on the first date available to the court thereafter*." (Italics added.) Counsel for real parties in interest submitted a declaration stating that she called the clerk of the department in which the demurrer was to be set to request the earliest available hearing date. The clerk informed her that the earliest date available was September 26, 2012, the date for which the demurrer then was noticed. At the hearing on Friday, September 28, 2012, the individual representing real parties in interest informed the court that the hearing had been continued on "Wednesday" which was the day of the week on which September 26, 2012 fell. The demurrer was properly noticed.

## DISPOSITION

The judgment sustaining the demurrer to the petition for writ of administrative mandamus is affirmed. Respondents and real parties in interest are to have their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EPSTEIN, P. J.

We concur:

WILLHITE, J.                    SUZUKAWA, J.

13