[No. B128915. Second Dist., Div. Two. Feb. 8, 2000.]

RICHARD WAGNER, as Trustee, etc., et al., Plaintiffs and Appellants, v. CITY OF SOUTH PASADENA, Defendant and Respondent; LANDMARK THEATRE CORPORATION, Real Party in Interest.

**COUNSEL**

Robert S. Gerstein for Plaintiffs and Appellants.

Kane, Ballmer & Berkman, Joseph W. Pannone, J. Alberto Boada and June Ailin for Defendant and Respondent.

No appearance for Real Party in Interest.

**OPINION**

**NOTT, Acting P. J.**—Appellants Richard Wagner, trustee of the Romaric Trust, and Robert Wagner, trustee of the Wagner Family Trust (appellants) appeal from a judgment entered after the trial court granted summary judgment in favor of respondent City of South Pasadena (City) and real party in interest Landmark Theatre Corporation (Landmark). We affirm.

CONTENTIONS

Appellants contend that: (1) their petition for writ of administrative mandamus was timely served in accordance with the applicable statutes; or, alternatively (2) appellants substantially complied with the service requirements of Code of Civil Procedure section 415.30.

FACTS AND PROCEDURAL BACKGROUND

In January 1998, the Planning Commission of the City (Planning Commission) approved a conditional use permit (CUP) for the remodeling of the Rialto Theatre from a single-screen theater to a five-screen theater.[1] Appellants owned property adjacent to the Rialto Theatre and appealed the Planning Commission's decision to the city council. On April 1, 1998, the city council adopted a resolution affirming the Planning Commission's decision to grant the CUP (the Resolution).

On June 30, 1998, 90 days after the adoption of the Resolution, appellants filed a petition for administrative mandamus and complaint for declaratory relief and injunctive relief. That same day, appellants' attorney, Ann-Marie Villicana, agreed to the request of respondent's attorney, Stephen Fischer, to fax to him a copy of the initial pleading without the exhibits. During their telephone conversation, Villicana informed Fischer that she would mail to the city clerk a complete copy of the initial pleading with the exhibits, a summons and a notice and an acknowledgment of receipt. Villicana faxed a copy of the initial pleading, without the exhibits or a summons, to Fischer on June 30, 1998. On that day she also mailed a copy of the initial pleading, with the exhibits, a summons and a notice and acknowledgment of receipt, to Jeannine Gregory, the city clerk of the City. She included a cover letter asking Gregory to sign the notice and acknowledgment and receipt if she was authorized to accept service and to inform Villicana if she was not authorized to accept service. The City received the mailed copy on July 1, 1998, the 91st day after the City adopted the Resolution. Gregory signed the notice and acknowledgment of receipt on July 1, 1998, and returned it to Villicana.

The City filed a demurrer, which was overruled. Subsequently, the City answered the initial pleading on September 18, 1998. On October 13, 1998, the City filed a motion for summary judgment on the grounds that the initial

---

[1] Real party in interest, Landmark, is the owner/operator of the Rialto Theatre. Landmark is not a party to this appeal.

pleading was not served and filed within 90 days of the adoption of the Resolution. The motion was heard and granted on November 10, 1998.

This appeal followed.

## DISCUSSION

### 1. *Standard of review*

Summary judgment is granted if all the submitted papers show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).)[2] A defendant seeking summary judgment has met the burden of showing that a cause of action has no merit if that party has shown that one or more elements of the cause of action cannot be established or that an affirmative defense to that cause of action exists. (§ 437c, subd. (o)(2); see *Rowe v. Superior Court* (1993) 15 Cal.App.4th 1711, 1724 [19 Cal.Rptr.2d 625].) Once the defendant's burden is met, the burden shifts to the plaintiff to show that a triable issue of fact exists as to that cause of action. (§ 437c, subd. (o)(2).) The plaintiff must set forth specific facts showing that a triable issue of material fact exists. (*Ibid.*)

In reviewing the propriety of a summary judgment, the appellate court independently reviews the record that was before the trial court. (*Chevron U.S.A., Inc. v. Superior Court* (1992) 4 Cal.App.4th 544, 548 [5 Cal.Rptr.2d 674].) The court must determine whether the facts as shown by the parties give rise to a triable issue of material fact. (*Walker v. Blue Cross of California* (1992) 4 Cal.App.4th 985, 990 [6 Cal.Rptr.2d 184].) In making this determination, the moving party's affidavits are strictly construed while those of the opposing party are liberally construed. (*Ibid.*)

### 2. *Whether service under Government Code section 65009 is satisfied by section 412.10 et seq. or section 1010 et seq.*

Government Code section 65009, subdivision (c) sets forth the statute of limitations for a legal action challenging a decision of a legislative body. In *Gonzalez v. County of Tulare* (1998) 65 Cal.App.4th 777 [76 Cal.Rptr.2d 707], the Fifth District expressly held that Government Code section 65009 sets forth both the time in which the action must be filed and

---

[2]All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

the time within which service must be made. (65 Cal.App.4th at p. 783.) At the time *Gonzalez* was decided, Government Code section 65009, subdivision (c) provided for a 120-day statute of limitations and service period.[3] Section 65009, subdivision (c)(1) currently states: "Except as provided in subdivision (d), no action or proceeding shall be maintained in any of the following cases by any person unless the action or proceeding is commenced and service is made on the legislative body within 90 days after the legislative body's decision." Thus, the time within which service must now occur is 90 days.

Appellants argue that service fell within the 90-day period because under section 1013, subdivision (a), service by mail is complete upon deposit in the mailbox or post office. We disagree and conclude that service of the petition should be governed by section 412.10 et seq., that for serving summonses and complaints, rather than that for serving notices under section 1010 et seq. Thus, the relevant statute is section 415.30, subdivision (c), which provides that "Service of a summons pursuant to this section is deemed complete on the date a written acknowledgment of receipt of summons is executed, if such acknowledgement thereafter is returned to the sender."

Government Code section 65009, subdivision (c)(1) states that no action may be maintained "unless the action or proceeding is commenced and *service is made* on the legislative body within 90 days after the legislative body's decision." (Italics added.) Thus, the plain language of the statute *indicates that service must occur within 90 days. Indeed, the statute itself* declares that time is of the essence, and certainty in development projects is crucial. Section 65009, subdivision (a) states, in part: "(2) The Legislature further finds and declares that a legal action or proceeding challenging a decision of a city, county, or city and county has a chilling effect on the confidence with which property owners and local governments can proceed with projects. Legal actions or proceedings filed to attack, review, set aside, void, or annul a decision of a city . . . pursuant to this division, including, but not limited to, the implementation of general plan goals and policies that provide incentives for affordable housing, open-space and recreational opportunities, and other related public benefits, can prevent the completion of needed developments even though the projects have received required governmental approvals. [¶] (3) The purpose of this section is to provide certainty for property owners and local governments regarding decisions made pursuant to this division."

Therefore, the legislative intent "is to establish a short limitations period in order to give governmental zoning decisions certainty, permitting them to

---

[3]In *Gonzalez v. County of Tulare, supra,* 65 Cal.App.4th at page 781, the plaintiffs served the defendants with their mandamus petition by mail, and neither party disputed that section 415.30, subdivision (c) was the correct service statute.

take effect quickly and giving property owners the necessary confidence to proceed with approved projects." (*Ching v. San Francisco Bd. of Permit Appeals* (1998) 60 Cal.App.4th 888, 893 [70 Cal.Rptr.2d 700].) "Indeed, in 1983 the Legislature chose to *shorten* the limitation period of former [Government Code] section 65907[4] from 180 days to 90 days." (60 Cal.App.4th at p. 893, original italics.) Notice service does not achieve the ends of certainty and promptitude, since under Code of Civil Procedure section 1013, subdivision (a), service may be extended by five days for mailing or 10 days if the place of address is outside the State of California but within the United States.

Furthermore, appellants' second and third causes of action, for declaratory and injunctive relief, respectively, are civil actions requiring service of a summons subject to the service requirements of sections 413.10 to 417.40. (§ 1016 ["[t]he foregoing provisions of this chapter do not apply to the service of a summons"].) Indeed, appellants' attorney appeared to have intended to serve the initial pleading in the same manner as a complaint in a civil action because she mailed to the city clerk a summons and the initial pleading, a notice and acknowledgment of receipt, and a note requesting the city clerk to sign the notice and acknowledgment of receipt. Moreover, appellants' notice-service argument was not raised before the trial court, but we addressed it on appeal since it involves an interpretation of law based on undisputed facts. (*Johanson Transportation Service v. Rich Pik'd Rite, Inc.* (1985) 164 Cal.App.3d 583, 588 [210 Cal.Rptr. 433].)

Nor are we persuaded by appellants' reliance on *Board of Supervisors v. Superior Court* (1994) 23 Cal.App.4th 830, 839 [28 Cal.Rptr.2d 560] as authority for the proposition that notice service is sufficient for a writ petition under section 1107.[5] To the contrary, the Fourth District concluded that personal service of a writ petition is necessary for jurisdictional purposes where no motion for an alternative writ of mandate is made. (23 Cal.App.4th at p. 841.) After examining the various service code sections, it held that "section 1096, which provides that a writ, including an alternative writ, must be served in the same manner as a summons in a civil action," mandates personal service. (*Id.* at p. 840.) Accordingly, Los Angeles County

---

[4]Former Government Code section 65907 set limitation periods for filing and serving an action attacking the issuance of a conditional use permit. Effective January 1, 1997, the Legislature repealed Government Code section 65907 and placed actions attacking CUP's under the limits set forth in Government Code section 65009, subdivision (c).

[5]Section 1107 provides, in pertinent part, that: "When an application is filed for the issuance of any prerogative writ, the application shall be accompanied by proof of service of a copy thereof upon the respondent and the real party in interest named in such application. The provisions of Chapter 5 (commencing with Section 1010) of Title 14 of Part 2 shall apply to the service of the application. However, when a writ of mandate is sought pursuant to the provisions of Section 1088.5, the action may be filed and served in the same manner as an ordinary action under Part 2 (commencing with Section 307)."

Superior Court Local Rules, rule 9.31(c), which provides that all petitions must be served in the same manner as summonses and complaints, does not conflict with the service requirements of a writ petition, as urged by appellants.

Nonetheless, at oral argument, appellants' counsel urged that section 1107 applies here because in their prayer for relief, appellants requested "[t]he Court issue an alternative Writ of Mandamus directing Respondent to withdraw the approval of the Conditional Use Permit granted to that real party in interest Landmark Theatre Corporation, or to appear before this Court and show cause why they have not done so, and after hearing issue a preemptory Writ of Mandamus commanding Respondent to withdraw the Rialto Theatre Conditional Use Permit." The fact remains, however, that appellants never filed an application for an alternative writ, and we are not persuaded by counsel's argument that section 1107 should govern because appellants could have made such an application at some future time.

Since service under Code of Civil Procedure section 415.30, subdivision (c) is deemed complete on the day the city clerk executed the acknowledgment of receipt, we conclude that service fell on the 91st day, one day late. Therefore, service of the writ petition did not meet Government Code section 65009, subdivision (c)(1) requirements.

3. *Whether appellant substantially complied with the requirements for service*

■ Assuming that section 415.30, subdivision (c) applies, appellants contend that they were in substantial compliance with the statute because appellants' counsel faxed a copy of the petition to respondent's counsel on June 30, 1998.

We conclude that the doctrine of substantial compliance does not apply here. As previously discussed, the need for timeliness and certainty influenced the Legislature in devising the statutory scheme of Government Code section 65000. Accordingly, the statute mandates strict compliance with the statute of limitations and service periods. As stated in *Maginn v. City of Glendale* (1999) 72 Cal.App.4th 1102, 1109 [85 Cal.Rptr.2d 639]: "The rule of narrowly interpreting statutes of limitation [citation] does not apply when the statute is unambiguous and reflects a policy judgment by the Legislature . . . ."

In any event, service of the incomplete initial pleading by facsimile was not substantial compliance. Section 416.50, subdivision (a) authorizes service on a public entity by delivering a copy of the summons and of the

complaint to the clerk, secretary, president, presiding officer, or other head of its governing body. Fischer was an associate in the firm representing the City (not an associate city attorney as urged by appellants),[6] and was not shown to be an agent of the City for service of process. Additionally, service of an initial pleading cannot be accomplished by facsimile transmission (§ 1012.5), and any service which can be performed by facsimile transmission must be agreed upon in writing. (§ 1013, subd. (e).) No such writing was evidenced here. To the contrary, Villicana and Fischer had agreed that the initial pleading, with the summons and exhibits, would be mailed with a notice and acknowledgment of receipt to the city clerk.

Nor are we persuaded by appellants' citation to *Gibble v. Car-Lene Research, Inc.* (1998) 67 Cal.App.4th 295, 300 [78 Cal.Rptr.2d 892] and *State Air Resources Bd. v. Superior Court* (1979) 93 Cal.App.3d 803, 811 [155 Cal.Rptr. 726], cases in which service of the initial pleading, including exhibits and the summons were performed upon agents of corporations who were ostensibly designated as agents for service of process. Nothing in the record indicates that Fischer was designated as an agent for service of process.

Accordingly, the summary judgment was properly granted.

### DISPOSITION

The judgment is affirmed.

Cooper, J., and Mallano, J.,* concurred.

Appellants' petition for review by the Supreme Court was denied May 10, 2000. Mosk, J., was of the opinion that the petition should be granted.

---

[6]A partner in Fischer's law firm was the City Attorney for the City of South Pasadena at the time the petition was filed.

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.