Filed 3/12/14  Woodall v. San Diego County Sheriff's Dept. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| SHAWN JAMES ALLEN WOODALL,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT,<br><br>    Defendant and Respondent. | D063157<br><br><br>(Super. Ct. No. 37-2012-00094422-CU-WM-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Joel M. Pressman, Judge.  Affirmed.

Shawn James Allen Woodall, in pro. per., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

INTRODUCTION

Shawn James Allen Woodall appeals from a judgment dismissing his petition for

writ of mandate and declaratory relief (petition) against the San Diego County Sheriff's

Department (Department).  He contends we must reverse the judgment because the trial court erroneously denied his motion to disqualify the assigned trial judge and refused to enter a default against the Department after mistakenly determining Woodall had not supplied proof of service.  Woodall further claims the Department wrongfully required him to sign a release in order to obtain copies of documents he created, which were contained on a USB flash drive (thumb drive) the Department provided him while he was representing himself in a criminal case.  Finally, he contends the court erroneously required him to submit a fee waiver application.

We conclude these contentions are either not properly before us or they lack merit. We therefore affirm the judgment.

## BACKGROUND

Woodall was apparently incarcerated at the time he filed the underlying petition. The petition generally alleged the Department violated its constitutional obligation to ensure he, as an indigent, had meaningful access to the courts by providing him with adequate services and supplies.  Among the relief requested in the petition, Woodall sought a writ of mandate commanding the Department to provide him with pen and paper to draft legal documents; copies of the documents for the courts, himself, and opposing counsel; postage to mail documents to the courts and opposing counsel; a minimum of four hours a week of access to the law library and computer legal research services; and regular use of a computer to generate legal documents.  He also requested an award of $1,000 for the Department's purported failure to follow *Woodall v. Kolender* et al.

2

(Nov. 10, 2009, D054152) [nonpub. opn.], a case in which we also affirmed a judgment of dismissal in favor of the Department.

Approximately a month after filing the petition, Woodall filed a declaration stating he mailed the petition to a supervisor in the claims division of the County of San Diego's Office of County Counsel (County). After receiving the petition, a deputy county counsel sent Woodall a letter informing him the claims division did not have the authority to accept service of process on behalf of any County-related defendant or respondent and Woodall's act of mailing the petition to the claims division was not effective service. The letter also informed Woodall the Department was part of the County and was not a separate, or suable, public entity. Neither the County nor the Department ever responded to the petition.

Approximately six months after Woodall filed the petition, the court issued an order to show cause why the case should not be dismissed. Woodall filed a motion requesting the court order the Department to produce him in person or telephonically for the order to show cause hearing. The court issued an order allowing Woodall to appear telephonically and provided him with a toll-free number to call.

Meanwhile, Woodall requested the court enter a default against the Department and, based on this request, he expected the court to take the order to show cause hearing off calendar. When the court did not take the hearing off calendar, Woodall filed a renewed motion requesting the court order the Department to produce him telephonically for the hearing. Alternatively, he requested the court transfer the case for disposition because the court was biased against him (renewed motion).

3

Approximately two weeks later, after conducting a hearing in which Woodall telephonically appeared, the court issued the following order: "The court den[ies] [Woodall's Code of Civil Procedure section][1] 170.6 request. [¶] . . . [¶] [Woodall's] request to transfer the case is denied. [¶] [Woodall's] request for default is denied. There is no proof of service. [¶] The court orders the entire action dismissed with prejudice." (Some capitalization omitted.)

DISCUSSION

I

*Disqualification of Trial Judge*

The court apparently treated the renewed motion at least in part as a motion to disqualify the trial judge under section 170.6. Woodall contends the court erred in denying this aspect of the renewed motion because the trial judge demonstrated bias and prejudice by improperly setting the order to show cause hearing.

We need not decide the matter because it is not properly before us in this appeal. An order denying a motion to disqualify a judge is not an appealable order. The exclusive means of obtaining judicial review of such an order is by filing a petition for writ of mandate within 10 days after notice of the order. (§ 170.3, subd. (d); *People v. Hull* (1991) 1 Cal.4th 266, 268; *Guedalia v. Superior Court* (1989) 211 Cal.App.3d 1156, 1159-1160.)

---

[1] Further statutory references are to the Code of Civil Procedure unless otherwise stated.

*Denial of Request for Entry of Default*

Woodall next contends the court erroneously denied his request for entry of default because he supplied proof he properly served his petition. We disagree.

For Woodall to establish he properly served his petition, he had to supply proof he delivered it and a summons to "the clerk, secretary, president, presiding officer or other head" of the County by an authorized method. (§§ 416.50, subd. (a), 1107; *Wagner v. City of South Pasadena* (2000) 78 Cal.App.4th 943, 949-950 [a writ petition must be served in the same manner as a summons and complaint and, if the petition includes a cause of action for declaratory relief, the petition must be served with a summons].) Service by mail may be an authorized method if the service complies with certain requirements, including a requirement that the summons and petition be accompanied by a notice and acknowledgment of receipt. (§ 415.30.)

In this case, the record does not show Woodall obtained a summons or served the summons with the petition on "the clerk, secretary, president, presiding officer or other head" of the County. The record also does not show the claims division of the County was authorized to accept mail service on behalf of the County or that Woodall's mail service complied with the requirements in section 415.30. Absent at least colorable compliance with these service requirements, the court had no jurisdiction to grant Woodall's request for entry of default, even if the Department and the County had actual notice of the petition. (*American Express Centurion Bank v. Zara* (2011) 199

Cal.App.4th 383, 391-392.)  Accordingly, we conclude Woodall has not established the court erred in denying his request for entry of default.

III

*Release of Claims*

According to a declaration in the record, Woodall represented himself in a separate criminal case and had protected work product on a thumb drive pertaining to a separate petition for writ of mandate he filed with the California Supreme Court.  About a month after he filed the instant action, he requested the Department provide him with copies of the work product.  The Department purportedly refused to do so unless Woodall signed a release, which he did under duress.

Woodall contends we must declare the release void.  However, the petition contains no allegations relating to the release and the record shows the release arose out of separate proceedings after Woodall filed the petition.  In addition, as Woodall acknowledges in his opening brief, the release played no apparent role in the court's decision to dismiss the petition.  Accordingly, we conclude Woodall has not established the propriety of the release is properly before us in this appeal.

IV

*Fee Waiver Application*

According to Woodall, the court required him to submit a certified copy of his prisoner trust account in order to obtain a fee waiver.  He contends the court should not have required him to go through the process of obtaining a fee waiver because the filing of a petition for writ of mandate does not require the payment of a filing fee.  He is

6

mistaken.  The Legislature has long required the payment of fee for filing the first paper in a civil action, including a mandamus action.  (Gov. Code, § 70611.)  Woodall's reliance on *Marler v. Mun. Court* (1980) 110 Cal.App.3d 155 is misplaced as that case involved the filing of a writ petition in a criminal action.  (*Id.* at  p. 163.)

## DISPOSITION

The judgment is affirmed.  No costs are awarded in this proceeding.

McCONNELL, P. J.

WE CONCUR:

AARON, J.

IRION, J.

7