Filed 7/7/21  Tchejeyan v. The City Council of the City of Thousand Oaks CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| GREGORY TCHEJEYAN,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>THE CITY COUNCIL OF THE CITY OF THOUSAND OAKS,<br><br>    Defendant and Respondent. | 2d Civil No. B309108<br>(Super. Ct. No. 56-2020-00541772-CU-WM-VTA)<br>(Ventura County) |

Gregory Tchejeyan appeals from a judgment of dismissal after he failed to timely serve the amended petition for writ of administrative mandate on the City of Thousand Oaks (Gov. Code,[1] § 65009, subd. (c)(1)).  We affirm.

---

[1] Further unspecified statutory references are to the Government Code.

## FACTUAL AND PROCEDURAL HISTORY

In August 2019, the City of Thousand Oaks (City) planning commission approved Verizon Wireless's land use permit to install a wireless telecommunication facility on property owned by a water company. The property was located near Tchejeyan's home. Tchejeyan appealed the planning commission's decision to the City Council.

On January 14, 2020, the City Council denied the appeal and adopted Resolution No. 2020-002 (the Resolution), in which it upheld the planning commission's approval of the land use permit. Two days later, the city clerk certified the Resolution.

In June 2020, Tchejeyan filed a petition for a writ of administrative mandate (Code of Civ. Proc., § 1094.5) in Ventura County Superior Court. Tchejeyan did not serve the City with the original petition. In July 2020, Tchejeyan filed an amended petition, in which he sought to set aside the Resolution. Tchejeyan served the City with the amended petition on August 13. He did not name Verizon Wireless as a party to the action. In September 2020, Tchejeyan served the City with a summons.

The City moved to dismiss the amended petition on the grounds that Tchejeyan (1) did not timely serve the amended petition, and (2) did not name Verizon Wireless as an indispensable party.

The trial court granted the City's motion to dismiss, finding the amended petition was not served within the 90-day deadline pursuant to section 65009, subdivision (c)(1)(E). Because the court determined the action was time-barred, it deemed the issue of whether Verizon Wireless was an indispensable party moot.

## DISCUSSION

Tchejeyan contends the trial court erred when it dismissed his amended petition because (1) it applied the wrong statute of limitation, (2) even if a 90-day statute applied, the petition was timely served, (3) its error deprived him of the opportunity to name Verizon Wireless as a party to the action, and (4) relief should have been granted pursuant to Code of Civil Procedure section 473.

### *The Statute of Limitation*

Tchejeyan argues the deadline to serve the petition was 180 days pursuant to section 65009, subdivision (d)(2)(C), and not 90 days pursuant to subdivision (c)(1)(E). He is wrong.

Which subdivision of section 65009 applies presents a question of statutory interpretation, which we review de novo. (*McKee v. Orange Unified School Dist.* (2003) 110 Cal.App.4th 1310, 1316.) Our objective is to ascertain the intent of the Legislature in enacting the statute. (*Weiss v. City of Del Mar* (2019) 39 Cal.App.5th 609, 618 (*Weiss*).) We begin by examining the statutory language, giving the words their plain and ordinary meanings. (*Ibid.*) If the statutory text is "'unambiguous and provides a clear answer, we need go no further.'" (*Ibid.*)

Section 65009, subdivision (c)(1)(E) provides: "Except as provided in subdivision (d), no action or proceeding shall be maintained in any of the following cases by any person unless the action or proceeding is commenced and service is made on the legislative body within 90 days after the legislative body's decision: [¶] . . . [¶] To attack, review, set aside, void, or annul *any decision on the matters listed in Sections 65901 and 65903*, or to determine the reasonableness, legality, or validity of any

3

condition attached to a variance, conditional use permit, or any other permit." (Emphasis added.)

Section 65901 states that "[t]he board of zoning adjustment or zoning administrator shall hear and decide applications for conditional uses or other permits when the zoning ordinance provides therefor and establishes criteria for determining those matters." (§ 65901, subd. (a).) "In the event that neither a board of zoning adjustment or the office of a zoning administrator has been created and established, the planning commission shall exercise all of the functions and duties of said board or said administrator." (§ 65902.) "The legislative body of a county may provide that an area planning commission shall exercise all of the functions and duties of a board of zoning adjustment or a zoning administrator in a prescribed portion of the county." (*Ibid*.)

Here, the approval of Verizon Wireless's land use permit by the planning commission was a decision on a matter described in section 65901. The City's Municipal Code provides that applications for land use permits such as the one Verizon Wireless submitted "shall be considered by the [Planning] Commission." (Thousand Oaks Mun. Code, §§ 1-9.107; 9-4.2803, 9-4.4402; see also *Weiss*, *supra*, 39 Cal.App.5th at pp. 621-622 [noting that a planning commission's decision on land use and zoning matters constituted a decision under section 65901 and that actions to set aside such decisions must comport with the 90-day filing and service rule pursuant to section 65009, subdivision (c)(1)(E)].)

Moreover, the City Council's denial of Tchejeyan's appeal is a decision described under section 65903. That section provides that a "board of appeals, if one has been created and

4

established by local ordinance, shall hear and determine appeals from the decisions of the board of zoning adjustment or the zoning administrator, as the case may be." (§ 65903.)

Here, the City's Municipal Code (Thousand Oaks Mun. Code, § 9-4.2808) states that after a decision by the planning commission, "an appeal to the Council may be taken by . . . any person aggrieved." Pursuant to this code section, the City Council heard and decided the appeal of the planning commission's decision and adopted a resolution upholding the decision. (See *Honig v. San Francisco Planning Dept.* (2005) 127 Cal.App.4th 520, 528 [board of appeal's upholding approval of a building permit authorizing an expansion of a home is a decision described under 65903, and an action to set aside the board of appeal's decision must comport with the 90-day filing and service rule pursuant to section 65009, subd. (c)(1)(E)].)

Accordingly, section 65009, subdivision (c)(1)(E) applies because Tchejeyan's petition is an action to "attack, review, set aside, void, or annul any decision on the matters listed in Sections 65901 and 65903."

Tchejeyan argues the deadline to serve the amended petition was 180 days pursuant to section 65009, subdivision (d)(2)(C). But, subdivision (d) is inapplicable because it relates to governmental actions pertaining to regional housing. Subdivision (d)(2)(C) provides that "[a]n action or proceeding challenging an action taken pursuant to Section 65863.6 . . . shall be served within 180 days after the accrual of the cause of action as provided in this subdivision." Section 65863.6 provides that a city shall consider the "effect of ordinances . . . on the housing needs of the region in which the local jurisdiction is situated and balance these needs against the public service needs of its

5

residents and available fiscal and environmental resources. Any ordinance adopted which, by its terms, limits the number of housing units which may be constructed on an annual basis shall contain findings as to the public health, safety, and welfare of the city or county to be promoted by the adoption of the ordinance which justify reducing the housing opportunities of the region."

The approval of the land use permit was not an action under section 65863.6. The permit approved the installation of a telecommunication facility on property owned by a water company. It does not relate to an ordinance concerning regional housing needs. (Contrast with *Lee v. City of Monterey Park* (1985) 173 Cal.App.3d 798, 809 [the city's statement of findings on an initiative measure, which established a development allotment system limiting the number of dwelling units permitted, constituted the city's consideration of the effect of the measure as required pursuant to section 65863.6].) Moreover, section 65863.6 was neither mentioned in the planning commission's nor the City Council's decisions on the permit, nor in Tchejeyan's amended petition. Section 65009, subdivision (d) does not apply.

### *Calculation of the 90-day Service Limitation*

Tchejeyan argues that even if the 90-day service limitation applies, he timely served the petition on the City on the 90th day. We disagree.

Pursuant to 65009, once the 90-day service limitation expires, "all persons are barred from any further action or proceeding." (§ 65009, subd. (e).) "Even if a petition is timely filed under Government Code section 65009, subdivision (c), if it is not personally served as required by statute, the petition must be dismissed." (*Royalty Carpet Mills, Inc. v. City of Irvine* (2005)

6

125 Cal.App.4th 1110, 1119; see *Wagner v. City of South Pasadena* (2000) 78 Cal.App.4th 943, 950 (*Wagner*) [writ petition did not meet the statute of limitation because it was served on the 91st day].)

The City Council adopted the Resolution on January 14. Tchejeyan served the City on August 13. Because of the Judicial Council's Emergency rule 9(b) related to COVID-19, the 90-day time period was tolled from April 6 to August 3. (Cal. Rules of Court, Appendix I: Emergency Rules Related to COVID-19, Emergency rule 9(b).) Including this emergency tolling period, Tchejeyan was required to file and serve the amended petition on the City no later than August 11 (the limitation period ran for 82 days from January 15 and April 5, and eight days from August 4 and August 11).

Tchejeyan argues that the statute of limitation commenced on January 16, when the Resolution was certified by the city clerk, and not on January 14. We disagree.

Tchejeyan was required to file and serve the petition "within 90 days after the *legislative body's decision*." (§ 65009, subd. (c), emphasis added.) The City Council rendered its decision and adopted the Resolution on January 14, and it was effective immediately. (See *Marquez v. Medical Bd. of California* (2010) 182 Cal.App.4th 548, 558 ["But a resolution is adopted by a recorded vote of the governing body in accordance with statutory open meeting and agenda laws. It is usually adopted at the time it is presented, and it is usually effective immediately unless it states otherwise"].) The city clerk's certification was not a "legislative body's decision"; rather, it was a clerical act that did not impact the underlying decision. (See *Wagner, supra*, 78

Cal.App.4th at pp. 946, 950 [statute of limitation began to run the date the city adopted a resolution].)

Tchejeyan cites to *Hensler v. City of Glendale* (1994) 8 Cal.4th 1 (*Hensler*), and *County of Sonoma v. Superior Court* (2010) 190 Cal.App.4th 1312 (*Sonoma*), to support his claim that the 90-day time period commences on the date of "final administrative action," which he asserts is the date of the clerk's certification. But these cases do not support his assertion. First, neither case holds that a clerk's certification is a "final administrative action." Moreover, *Hensler* and *Sonoma* involved a challenge to a city ordinance, and not a resolution on an individual permit. The courts in these cases recognized that the statute of limitation for a facial challenge to an ordinance commences on the date it becomes effective. (*Hensler*, at p. 22; *Sonoma*, at p. 1324.) Where an as-applied challenge is raised, the statute of limitation commences on the date of the final administrative decision. (*Hensler*, at p. 22; *Sonoma*, at p. 1324.) A final administrative decision includes a denial of an administrative appeal of a county's decision regarding issuance of a permit. (See *Travis v. County of Santa Cruz* (2004) 33 Cal.4th 757, 764, 767.) Tchejeyan cites no authority to support his contention that a clerk's certification constitutes a "final administrative action."

The statute of limitation commenced on January 14. Because Tchejeyan served the amended petition on the 92nd day, his action was time-barred. (§ 65009, subd. (c)(1)(E).) [2]

---

[2] Tchejeyan also argues that he was prejudiced by the trial court's error because it deprived him of the opportunity to name

8

### *Code of Civil Procedure section 473*

Tchejeyan contends the trial court erred when it denied relief pursuant to Code of Civil Procedure section 473. This contention lacks merit.

Code of Civil Procedure section 473, subdivision (b) allows a trial court to set aside a decision procured by "mistake, inadvertence, surprise, or excusable neglect." We review a trial court's decision for abuse of discretion. (*Estate of Carter* (2003) 111 Cal.App.4th 1139, 1154.)

The trial court did not abuse its discretion. Relief under Code of Civil Procedure section 473, subdivision (b), is generally unavailable when the Legislature has made the limitations period mandatory. (See *Alliance for Protection of Auburn Community Environment v. County of Placer* (2013) 215 Cal.App.4th 25, 31-32; *Kupka v. Board of Administration* (1981) 122 Cal.App.3d 791, 794-795 ["Statutes of limitation "'are, of necessity, adamant rather than flexible in nature,'" and are "'upheld and enforced regardless of personal hardship.'" [Citation.] When the Legislature has decided to introduce an element of flexibility in a particular instance, it has expressly provided for extension of the limitation period on a showing of good cause, and courts have interpreted the 'good cause' standard as equivalent to a showing under section 473. [Citation.] In the absence of such a specific provision for extension, it must be inferred the Legislature did not intend to permit relief on grounds of good cause or under section 473. [Citation.]"].)

---

Verizon Wireless in the action. Because we conclude there was no error, we need not decide this issue.

9

Because Tchejeyan did not meet the 90-day deadline, the court did not abuse its discretion when it denied his motion.

**DISPOSITION**

The judgment is affirmed.  Respondent shall recover costs on appeal.

<u>NOT TO BE PUBLISHED.</u>


TANGEMAN, J.


We concur:


GILBERT, P. J.


PERREN, J.

Mark S. Borrell, Judge

Superior Court County of Ventura

_____


　　　　　Kirtland & Packard, Michael Louis Kelly and Connor M. Karen for Plaintiff and Appellant.

　　　　　Tracy Noonan, City Attorney, David S. Womack, Assistant City Attorney; Gatzke Dillon & Ballance, Kevin P. Sullivan and Yana L. Ridge for Defendant and Respondent.